Jennifer C. Hayes, State Bar No. 197252
McKENNA LONG & ALDRIDGE LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
Telephone: 415.267.4000
Facsimile: 415.267.4198
jhayes@mckennalong.com

Attorneys for Barry Milgrom,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

DONALD C. PIPKINS
and
LORNA D. PIPKINS,

Debtors.

Case No. 13-30087 DM
Chapter 7
Hon. Dennis Montali

**MOTION FOR SALE OF STRUCTURED SETTLEMENT PAYMENTS, SUBJECT TO OVERBID**

Pursuant to 11 U.S.C. § 363(b), Barry Milgrom, Trustee in bankruptcy of the estate of the above-named Debtors, moves for an order authorizing him to sell to the estate's right, title, and interest in an annuity contract to Novation Capital, LLC or its assignee ("Novation") for $75,400, subject to overbid.

I.

**DESCRIPTION OF ANNUITY CONTRACT AND SALE AGREEMENT**

The sole asset of the Debtors' bankruptcy estate is an annuity contract issued by John Hancock Life Insurance Company, policy number xxxxx-30002-3221324 (the "Annuity") to Donald Pipkins, consisting of the following three lump-sum, future payments: $75,000 payable on or about January 20, 2021, $75,000 payable on or about January 20, 2031, and $75,000 payable on or about January 20, 2041. The total future amount payable under the Annuity is $225,000.

Subject to Bankruptcy Court approval and appropriate state court approval, if any, Novation has agreed to pay $75,400 (the "Purchase Price") for the estate's right, title, and interest

in the Annuity. The agreement with Novation provides as follows: (1) that the Purchase Price represents a discounted present value of $157,393.34, using the applicable rate of 2.2% for determining the present value of an annuity. Cal. Ins. Code § 10134(c); (2) that, if the transferred payments were installment payments on a loan, with each payment applied first to accrued unpaid interest and then to principal, it would be as if the Trustee were paying interest to Novation of 7.51% per year; (3) that no legal fees, expenses, or commissions will be deducted from the Purchase Price, and that Novation will pay the costs related to complying with California's structured settlement transfer act, including the cost of obtaining a state court order approving the sale of the estate's right, title, and interest in the Annuity to Novation; and (4) that Novation will deposit $20,000 of the Purchase Price into an escrow account to be held by the Trustee pending the closing of the sale. Sale of the estate's right, title, and interest in the Annuity is on an as-is, where-is, and with all faults basis.

## II.

## OVERBID TERMS

The sale of the estate's right, title, and interest in the Annuity is subject to overbid on the following conditions:

1. The minimum overbid must be $2,000 more than the Purchase Price (*i.e.* no less than $77,400), on equal or better terms as those provided for in the agreement with Novation.

2. Any further bids will be in increments of not less than $1,000 over the highest bid, on equal or better terms as those provided for in the agreement with Novation.

3. By no later than March 6, 2014 at 12:00 p.m. Pacific Time, each person or entity that wishes to overbid must send an e-mail the Trustee's counsel, Jennifer Hayes at [jhayes@mckennalong.com](jhayes@mckennalong.com), stating their agreement to submit a minimum initial overbid of $2,000 more than the Purchase Price (*i.e.* $77,400) and their agreement to be bound by terms no less favorable than those set forth in the agreement with Novation. The e-mail shall also provide the name, e-mail address, and phone number of the overbidder.

4. The Trustee reserves the right, in his sole discretion, to refuse bids which do not, in his sole opinion, conform with the terms of the sale and to modify those terms and conditions. The Trustee also, in his sole discretion, will determine the highest and best bid and whether a bid is equal to or better than provided for in the agreement with the Buyer.

5. In the event the Trustee receives one or more qualifying overbids, an auction will take place on **March 7, 2014 at 10:00 a.m. Pacific Time by telephone, or on such other date and time as is specified by the Trustee**. The Trustee or his counsel will provide reasonable notice of the auction date and time to each overbidder and to Novation. The notice will be sent to the e-mail address provided to the Trustee's counsel.

6. The Trustee may accept a backup offer at the auction, if any auction occurs.

7. The sale is expressly subject to approval of the United States Bankruptcy Court for the Northern District of California. As noted above, the sale of the estate's right, title, and interest in the Annuity is on an as-is, where-is and with all faults basis.

## III.
## LEGAL AUTHORITY

11 U.S.C. § 363(b) provides in relevant part that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. . . ." A trustee may use estate property outside the ordinary course of business as long as the trustee articulates a sound business reason. *E.g., In re MF Global, Inc.*, 478 B.R. 611, 616 (Bankr. S.D.N.Y. 2012).

The Annuity is the only asset of the Debtors' bankruptcy estate. The Trustee solicited offers to purchase the Annuity from three companies that are in the business of buying structured settlement payments such as the Annuity. The offer from Novation to pay $75,400 for the Annuity with no deductions for payment of fees and costs related to obtaining state-court approval of the sale, if necessary, was the highest and best offer received by the Trustee. Accordingly, the Trustee accepted Novation's offer, subject to overbid.

## IV.

## **REQUEST FOR WAIVER OF FRCP 62(a)/FRBP 6004(h)**

The Trustee requests that the order approving this proposed sale provide: "This Order is effective upon entry, and the stay otherwise imposed by Rule 62(a) of the Federal Rules of Civil Procedure and/or Bankruptcy Rule 6004(h) shall not apply."

## V.

## **PRAYER**

WHEREFORE, the Trustee prays for the entry of an order authorizing him to sell to the estate's right, title, and interest in an annuity contract to Novation Capital, LLC or its assignee for $75,400, subject to overbid, as described above and in the Notice and Opportunity for Hearing on Trustee's Motion for Sale of Structured Settlement Payments, Subject to Overbid filed concurrently herewith. The Trustee requests that the order approving this proposed sale provide: "This Order is effective upon entry, and the stay otherwise imposed by Rule 62(a) of the Federal Rules of Civil Procedure and/or Bankruptcy Rule 6004(h) shall not apply."

DATED: February 19, 2014         Respectfully submitted,

McKENNA LONG & ALDRIDGE LLP


          /s/Jennifer C. Hayes, Esq., CSBN 197252
Jennifer C. Hayes
Attorneys for Barry Milgrom,
Trustee in Bankruptcy

USW 804300484.1

4