DONALD PIPKINS
LORNA PIPKINS
457 Andover Street
San Francisco, CA 94110
(415) 821-6339

Debtors in Pro Se



UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: ) Case No.: 13-30087
) Chapter: 7
)
DONALD PIPKINS and ) **DECLARATION THOMAS D. WALSH,**
) **SENIOR VICE PRESIDENT OF MESIROW**
LORNA PIPKINS ) **FINANCIAL STRUCTURED**
) **SETTLEMENTS IN SUPPORT OF DONALD**
Debtors. ) **PIPKINS OBJECTIO TO TRUSTEE'S**
) **MOTION FOR SALE OF STRUCTURED**
) **SETTLEMENT**
)

- 1 -

*Declaration of Thomas D. Walsh*

To Whom It May Concern:

I have reviewed the Manulife Structured Settlement Annuity policy No. 3,221,324-1 (attached) which was issued on 23 February, 1982 on the measuring life of. Donald Pipkins.

This policy was purchased and is owned by The National Railroad Passenger Corporation, a quasi-governmental agency that operates the commuter railroad also known as AMTRAK, and was purchased as part of the settlement of a personal injury claim with the above named Donald Pipkins.

The agreed payments to be made are:

$20,000 per year for the lifetime of Mr. Pipkins with a guarantee of payments for the initial 10 year period commencing October 1, 1982. Since this 10 year period has passed, payments will cease to any person or entity upon the death of Donald Pipkins.

Lump Sum Payments as listed below, which are payable whether or not the measuring life (Donald Pipkins) is then living:

1. $50,000 Paid on 20 Jan 1991
2. $75,000 Paid on 20 Jan 2001
3. $75,000 paid on 20 Jan 2011
4. $75,000 paid on 20 Jan 2021
5. $75,000 paid on 20 Jan 2031
6. $75,000 paid on 20 Jan 2041

Further, the policy contains a commutation clause for any guaranteed payments due after the life of Donald Pipkins which provides for a 13.25 discount rate, compounded annually. No annuity payments can be commuted before the annuitant's death.

Based on the terms of this annuity contract, there are no lifetime payments that will be due or payable after the death of Donald Pipkins and any lump sum payments (20 Jan 2021, 2031 and 2041) payable after the death of Donald Pipkins will be owed and payable to Amtrak and subject to commutation.

I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE ABOVE STATEMENTS ARE BASED ON MY PERSONAL KNOWLEDGE AND EXPERIENCE IN THE INSURANCE/STRUCTURED SETTLEMENT INDUSTRY AND THE FACTS IN THIS MATTER.

Thomas D. Walsh, Senior Vice President, Mesirow Financial Structured Settlements

have reviewed the Manulife Structured Settlement Annuity policy No. 3,221,324-1 (attached) which was issued on 23 February, 1982 on the measuring life of: Donald Pipkins.

This policy was purchased and is owned by The National Railroad Passenger Corporation, a quasi-governmental agency that operates the commuter railroad also known as AMTRAK, and was purchased as part of the settlement of a personal injury claim with the above named Don Pipkins.

The agreed payments to be made are:

$20,000 per year for the lifetime of Mr. Pipkins with a guarantee of payments for the initial year period commencing October 1, 1982. Since this 10 year period has passed, payments will cease to any person or entity upon the death of Donald Pipkins.

Lump Sum Payments as listed below, which are payable whether or not the measuring life Donald Pipkins) is then living:

1. $50,000 Paid on 20 Jan 1991    2. $75,000 Paid on 20 Jan 2001
3. $75,000 paid on 20 Jan 2011    4. $75,000 paid on 20 Jan 2021
5. $75,000 paid on 20 Jan 2031    6. $75,000 paid on 20 Jan 2041

Further, the policy contains a commutation clause for any guaranteed payments due after the of Donald Pipkins which provides for a 13.25 discount rate, compounded annually. No annu payments can be commuted before the annuitant's death.

Based on the terms of this annuity contract, there are no lifetime payments that will be due c payable after the death of Donald Pipkins and any lump sum payments (20 Jan 2021,2031 at 2041) payable after the death of Donald Pipkins will be owed and payable to Amtrak and su to commutation.

I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE STA OF CALIFORNIA THAT THE ABOVE STATEMENTS ARE BASED ON MY PERSON KNOWLEDGE AND EXPERIENCE IN THE INSURANCE/STRUCTURED SETTLEME INDUSTRY AND THE FACTS IN THIS MATTER.

# Thomas D. Walsh

| | |
|---|---|
| **Education** | Masters in Business Administration |
| | Harvard Business School, June 1973 |
| | |
| | Bachelor of Arts in Economics |
| | Cum Laude - Phi Beta Kappa |
| | Georgetown University, June 1969 |
| **Professional Experience** | President, Walsh Financial Services, Inc., Steamboat Springs, CO |
| | January 1993 to present |
| | |
| | Senior Vice President, Mesirow Financial Structured Settlements (f/k/a Settlement Planning Associates, LLC), Arlington, VA |
| | June 1997 to present |
| | |
| | Associate, Huver & Associates, Inc. Philadelphia, PA |
| | January 1993 to June 1997 |
| | |
| | Chairman, JMW Settlements, Inc., Washington, DC |
| | 1983 to January 1993 |
| | |
| | Vice President, Tucker Anthony, Inc., Washington, DC |
| | 1983 to January 1993 |
| | |
| | President, Julia M. Walsh & Sons, Inc., Washington, DC |
| | June 1977 to October 1983 |
| | |
| | Corporate Secretary, National Association of Securities Dealers, Inc. |
| | June 1973 to June 1977 |
| | |
| | Staff Accountant, Price Waterhouse & Co. |
| | 1969 to 1970 |
| **Educational Institutions** | Lecturer in the Georgetown University Business School |
| | January 1978 to December 1980 |
| | |
| | Qualified as an Expert Economist and as an Annuitist in over twelve States. Federal and State Court |
| **Corporate Board Membership** | EVA Corporation – Chief Executive Officer |
| | **Thos D Walsh Inc-Chairman** |
| **Community Activities** | Member of Board of Directors, Chairman of Finance Committee, Foundation and Board Children's Hospital National Medical Center, Washington, DC, 1981-1992 |
| | Chairman, Board of Directors, 1987-1989 |
| | Chairman, Board of Directors, National Hospital for Orthopedics and Rehabilitation, Arlington, VA 1996-98 |