Donald Pipkins
Lorna Pipkins
457 Andover Street
San Francisco, CA 94110

Debtors in Pro Se

FILED
APR 25 2014
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFONRIA

| | |
|---|---|
| In Re<br><br>DONALD PIPKINS and LORNA PIPKINS<br><br>Debtors. | Case No. 13-30087 DM<br><br>Chapter 7<br><br>**DEBTORS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OBJECTION TO TRUSTEE'S MOTION FOR SALE OF STRUCTURED SETTLEMENT PAYMENTS AND CLAIM OF EXEMPTION** |

**1. TRUSTEE'S MOTION SHOULD BE DENIED BECAUSE IT LACKS JURISDICTION OVER THE ANNUITY SINCE IT BELONGS TO AMTRAK AND NOT THE DEBTOR'S ESTATE**

The Manulife Annuity otherwise referred to as the John Hancock Annuity which is the subject of the trustee's motion was issued on or about February 23, 1982 on the measuring Life of Donald Pipkins. The policy was purchased and is owned by AMTRAK as part of personal injury settlement for Mr. Pipkins.

- 1 -

Case: 13-30087   Doc# 118   Filed: 04/25/14   Entered: 04/28/14 14:44:21   Page 1 of 5

The policy further contains a commutation clause for guaranteed payments due after the life of Donald Pipkins which provides for a 13.25 discount rate, compounded annually. No annuity payments can be commuted before the annuitant's death. In addition, there are no lifetime payments that will due or payable after the death of Mr. Pipkins and; any lump sum payments in on January 20, 2021, 2031 and 2041 payable after his death will be owed and payable to AMTRAK.

Therefore, because the annuity belongs to AMTRAK and is not part of the debtor's estate, the trustee lacks jurisdiction over the annuity to proceed with any sale. Accordingly, the trustee's motion should be denied.

## 2. THE TRUSTEE'S MOTION IS IMPROPER AND UNTIMELY SINCE THE DEBTORS' CASE WAS DISCHARGED ON OR ABOUT JANUARY 16, 2014

The Bankruptcy Court only has jurisdiction over estates which are commenced and pending in the Bankruptcy Court. Once a case is discharged, the bankruptcy estates is closed and it releases debtors from personal liability from specific debts and forever prevents the creditors from ever taking any action against the debtors to collect the debt. *Local Loan Co. v. Hunt* (1934) 292 U.S. 234, 244.

An individual debtor may exempt certain property belonging to the bankruptcy estate. 11 USC Section 522(b). Property bought into a bankruptcy estate by virtue of the trustee's or the debtor's avoidance powers is available for exemption if it could have been exempted had there been no transfer. *In re Simonson* (3rd Cir. 1985) 758 F.2d 103, 106. Property exempted by the debtor is generally not liable for payment of administrative expenses. 11 U.S.C Section 522 j(k).

A beneficiaries mature life insurance policy is exempt the extent it is "reasonably necessary" for the support of the debtor and his spouse and other dependents. *In re Pikush* (9th Cir. BAP 1993) 157 BR 155, 156 affirmed (9th Cir. 1994). This also applies to annuities. *Supra.*

Case: 13-30087   Doc# 118   Filed: 04/25/14   Entered: 04/28/14 14:44:21   Page 2 of 5

Here, debtors' case was discharged by this Court on or about January 16, 2014, thus the all personal liability and control of the debtors' estate ceased on that date. The structured settlement is the result of an annuity which is exempted under California and not subject to administrative expenses. Moreover, the structured payments come from an annuity which are only source of income for the Pipkins' debtors. The structured settlement payments are reasonably necessary for the support of the debtors' because it used for their mortgage payments, automobile expenses and household expenses.

### 3. EVEN ASSUMING THERE IS JURISDICTION OVER THE JOHN HANCOCK ANNUITY; IT IS EXEMPT PURSUANT TO THE CONTRACT AND CALIFORNIA LAW

An individual debtor may exempt certain property belonging to the bankruptcy estate. 11 USC Section 522(b). Property bought into a bankruptcy estate by virtue of the trustee's or the debtor's avoidance powers is available for exemption if it could have been exempted had there been no transfer. *In re Simonson* (3rd Cir. 1985) 758 F.2d 103, 106.

Property exempted by the debtor is generally not liable for payment of administrative expenses. 11 U.S.C Section 522 j(k). A beneficiaries mature life insurance policy is exempt the extent it is "reasonably necessary" for the support of the debtor and his spouse and other dependents. *In re Pikush* (9th Cir. BAP 1993) 157 BR 155, 156 affirmed (9th Cir. 1994). This also applies to annuities. *supra*.

In California, annuities are exempt under Code of Civil Procedure Section 704.100(c) Moreover, personal injury awards are exempt if they are reasonably necessary for the support of the debtor. Moreover, the provisions of the contract specifically on page 6 of Exhibit A to the Declaration of Donald Pipkins states that it is exempt against creditors.

Here, the structured settlement is the result of a personal injury award, debtor Donald Pipkins received and is exempt because it is necessary to support the debtors. *In re Sylvester* (9th

Case: 13-30087   Doc# 118   Filed: 04/25/14   Entered: 04/28/14 14:44:21   Page 3 of 5

Cir. BAP CA 1990) 220 BR 89. The structured payments are a result of an annuity which the debtor received; and the contract on page 6 of Exhibit A to the Declaration of Donald Pipkins clearly states it is exempt and protected against creditors which was the intent of the parties when it was created.

The annuity is also exempt under California and not subject to administrative expenses because it is the functional equivalence of a life insurance policy because it is the only source of income reasonably necessary for the support of the debtors because it will be used to pay their mortgage payments, automobile expenses and household expenses. Accordingly, if the Court does have jurisdiction over the annuity it is exempt both under contract and California law.

## 4. DEBTORS PROPERLY AMENDED THEIR SCHEDULE C

Debtors can amend their voluntary petition, list of creditors or schedules as a matter of course at anytime before their bankruptcy case is closed. *In re Michael* (9th Cir. 1998) 163 F.3d 526, 529. The debtors can also specifically amend Schedule C as a matter of course to claim new or revised exemptions at anytime before the case is closed. FRBP 1009(a); *In re Andermahr* (9th Cir. BAP 1983) 30 BR 532, 533-534. As long as there is no bad faith or prejudice to the creditors, the court should allow the amending of Schedule C. *Andermahr* at 533.

The debtors properly amended their Schedule C to include revised exemptions for the annuity. Because the case was not closed and Schedule C was not amended in bad faith by debtors since this information was provided to the trustee and the debtors fully cooperated with the trustee office on this matter; and there is no prejudice to the trustee or any creditors; the amended Schedule C are proper.

## 5. CONCLUSION

For the foregoing reasons, the trustee's motion should be denied.

///

///

- 4 -

Dated: April 24, 2014

_____
DONALD PIPKINS

Dated: April 24, 2014

_____
LORNA PIPKINS